## Case No. 14,641.

### UNITED STATES v. BREWERY UTENSILS.

[13 Int. Rev. Rec. 95.]

District Court. W. D. Pennsylvania. 1871.

INTERNAL REVENUE — ILLEGAL MANUFACTURE OF LIQUORS—FORFEITURE.

[1. Under sections 48 and 51, Act 1864 (13 Stat. 240), as amended by Act May 13, 1866 (14 Stat. 111), a brewer is bound to enter in his books, from day to day, all the beer made by him, or at his brewery; and, if he knowingly enters a less quantity, such entry, in the absence of an explanation, subjects his brewery to forfeiture.]

[Cited in U. S. v. A Quantity of Tobacco, Case No. 16,106.]

[2. If an unstamped package of beer is found in the possession of a brewer, and it is proven that he was aware of its existence, the law presumes, in the absence of a satisfactory explanation, that he intended to defraud the revenue, and imposes a forfeiture, not only of the unstamped package, but of all the beer and materials of the brewery.]

[This was a libel for forfeiture against a brewery, the utensils, beer, and other things, claimed by Henry Herdt.]

S. A. & W. S. Purviance, for claimant.
Dist. Atty. Swoope, for the United States.

McCANDLESS, District Judge. The libel for forfeiture contained six counts. The principal charges were that the claimant had evaded and attempted to evade the payment of tax on fermented liquors, and had intentionally made false statements in his books of the amount of beer manufactured. When the officers went to the brewery to seize it, they found in a vault under the hill 354 barrels of beer, of which there was no account in the claimant's books, or in his returns made to the government. The property claimed to be forfeited is valued at $5,-300. The brewery is at 135 Third street, Allegheny City.

McCANDLESS, District Judge, after explaining to the jury his opinion of the case and regulations on the subject of the manufacture of fermented liquors, said that he had reduced some of the more important instructions to writing, and he intended to file them, that he might not hereafter be misrepresented as to the construction he had given to the law, which, as it affected this case, was to be found in the 48th and 51st sections of the act of 1864 [13 Stat. 240], as amended by the act of May 13, 1866 [14 Stat. 111].

His honor's charge to the jury was as follows: Every man is presumed to know the law, and ignorance of the law is no excuse for its violation. Every man is presumed to intend the necessary consequences of his act. If the claimant knew the law and neglected or refused to obey it, it will be for the jury to say whether he did not intend to evade the provision. The law presumes the intent in the absence of any explanation of his conduct. If the jury believes that the claimant did actually evade or intend to evade the payment of the tax on fermented liquors manufactured in his brewery, then the law forfeits the property libelled, and your verdict should be for the United States. Herdt was bound to enter in his book. from day to day, all the beer made by him or at his brewery, and if he entered less than the quantity made, the entry was a false entry within the meaning of the statute; and if he knew that all the beer made was not entered, in the absence of any explanation, the false entry was intentional and your verdict should be for the United States. The claimant had the right to the vault for his beer in quantities of six barrels or upward, but before removing any part thereof for consumption and sale the same must be stamped, and a neglect or refusal to do so is an evasion of the law and would subject the same to forfeiture. In the absence of proof to the contrary the law presumes the act or omission to be intentional. You will take all the testimony together. weigh it well, and as it preponderates, so decide. The

claimant's counsel have requested me to answer certain points in writing: First, that unless the jury are satisfied that defendant evaded or attempted to evade the payment of the tax on beer manufactured by him, or fraudulently neglected or refused to make true and exact entry and report of the same, or intentionally made false entry in his book or in the statement made to the assessor, or knowingly allowed or procured the same to be done, their finding must be for the defendant. Answer by the court. This point affirmed. Second. That if any unstamped barrel or cask of beer was found in possession of defendant, and you are satisfied he was not aware of the fact, the only forfeiture would be the unmarked package, and as to the rest of the goods or property seized the finding of the jury should be for the defendant. Answer. If any unstamped package of beer was found in possession of the claimant, it will be for the jury to say whether or not he was aware of the fact. If he was, in the absence of any satisfactory explanation, the law presumes an intention to defraud the revenue, and not only the unstamped package, but all the beer and materials of the brewery are subject to forfeiture. Third. That under the evidence and the law in the case the defendant had a right to store in his vault the beer referred to, as being stored by him in the vault behind the brewery, and was not bound either to notify the government of the fact that it was so stored, or to pay the taxes thereon up to the date of the seizure in the case. Answer. The claimant had a right to store his manufactured beer in the vault, but he was bound to notify the government of the fact by entering the quantity manufactured by him in his book kept for that purpose, and to pay the taxes whenever any portion of it was removed for consumption or sale.

Verdict for the United States.